# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

HARVEY JONES                                                    PETITIONER
ADC #088202

v.                                  No. 4:20-cv-1425-LPR-JTR

DEXTER PAYNE, Director,
Arkansas Division of Correction                            RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky.  You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

On August 13, 2015, Harvey Jones ("Jones"), who is currently incarcerated in the Cummins Unit of the Arkansas Division of Correction, pleaded guilty to possession of cocaine, second-degree battery, and being a felon in possession of a firearm.  *See* Plea Statements, *State v. Jones*, Pulaski County Cir. Ct. Case Nos.

60CR-15-175; 60CR-15-268.[1]  As a habitual offender, Jones received a 20-year sentence for possession of cocaine, a 15-year sentence for second-degree battery, and a 20-year sentence for being a felon in possession of a firearm.  All three sentences were imposed concurrent to one another.  *See* Sentencing Orders, Pulaski County Cir. Ct. Case Nos. 60CR-15-175; 60CR-15-268 (September 9, 2015).

On December 4, 2020, Jones initiated this § 2254 habeas action.  *Doc. 1.*  In his rambling 216-page habeas Petition, he alleges that his due process rights were violated in connection with a prison disciplinary conviction he received in July of 2019 for indecent exposure, which later led the Parole Board to deny his parole in January, 2020.[2]  *Doc. 1 at 58-59, 86-87, 174, and 211.*  Jones also alleges that the wrongful disciplinary conviction resulted in him: (1) being demoted in prisoner classification from Class 1C to Class 4; (2) spending 24 days in solitary confinement; and (3) losing commissary, phone, and visitation privileges for 60 days. *Doc. 1 at 3, 14, 21.*  Jones does *not* allege that the disciplinary conviction caused him to lose any good time credits.

---

[1] The court dockets for both cases are accessible at https://caseinfo.arcourts.gov/cconnect.

[2] According to the ADC's website, Jones became eligible for parole on July 31, 2018.  *See* https://apps.ark.org/inmate_info/search.php.

By way of relief, Jones requests the Court to order his immediate release from incarceration, expunge "all major disciplinar[ies] which . . . do not . . . comport with due process," and restore his classification. *Id. at 20-21*.

Because Jones's habeas Petition fails to state a cognizable claim for relief, the Court recommends that this action be dismissed, without prejudice.[3]

## II. Discussion

A federal court must summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts; 28 U.S.C. § 2243. Furthermore, "a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (*quoting* 28 U.S.C. § 2254(a)). "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (omitting citations). Thus, as a threshold matter, Jones's habeas Petition must allege

---

[3] On July 20, 2020, Jones filed a petition for writ of habeas corpus in state court, raising the same claims he is asserting in this action. *See State v. Jones*, Pulaski County Cir. Ct. No. 60CR-15-268, accessible at https://caseinfo.arcourts.gov/cconnect. Accordingly, even if Jones's federal habeas Petition had alleged a cognizable Fourteenth Amendment due process claim, it would still fail because he has not yet exhausted his available state court remedies. 28 U.S.C. § 2254(b)(1)(A); *see also McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (to exhaust his state court remedies, a prisoner must fairly present his federal constitutional claims to the highest available state court before seeking relief in federal court.).

a claim that his rights have been violated under "the Constitution or laws . . of the United States."

To state a viable due process claim, a prisoner must have a "liberty interest" which "may arise from the Due Process Clause itself or from an expectation or interest created by state law or policies." *Jenner v. Nikolas*, 828 F.3d 713 (8th Cir. 2016) (citing *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *see also Snodgrass v. Robinson*, 512 F.3d 999, 1003 (8th Cir. 2008) (a liberty interest may arise from state law if the "state statute or regulation involved uses mandatory language and imposes substantive limits on the discretion of state officials").

In his habeas Petition, Jones's only claim is that the Arkansas Parole Board's denial of his early release on parole violated his Fourteenth Amendment due process rights.[4]  The federal constitution does not confer a right to be conditionally released on parole before the expiration of a valid sentence. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011).  Furthermore, nothing in the language of Arkansas's parole statutes creates an "expectation or interest" that being *eligible* for parole obligates the Arkansas Parole Board to grant parole.[5]  Rather, those statutes merely create the

---

[4] Jones alleges that the Arkansas Parole Board based its decision to deny his parole on his July 2019 disciplinary conviction for indecent exposure.

[5] Arkansas law allows the Parole Board broad discretion to determine if, in its opinion, there is a reasonable probability that an inmate can be released on parole without detriment to the community or himself.  Ark. Code Ann. § 16-93-701(a)(1).  The Parole Board is also granted discretion to formulate "all policies, rules, and regulations regarding parole," to set conditions for

*possibility* of parole for an eligible prisoner, a hope that is too amorphous to give rise to a liberty interest capable of supporting a substantive or procedural due process violation if parole is later denied.[6]  Because Jones has no liberty interest in being released on parole, he has not pleaded a viable constitutional claim arising from the Arkansas Parole Board's decision to deny him early release.

The Court has also considered whether Jones has pleaded a viable due process claim based on losing his prisoner classification, spending 24 days in solitary confinement, and losing 60 days of commissary, telephone, and visitation privileges, all of which were imposed as punishments by the Disciplinary Hearing Officer following Jones's conviction for indecent exposure in July of 2019. As a matter of law, *none* of those sanctions constitute "atypical and significant hardships" capable

---

parole, and to determine if or when a particular inmate will be paroled.  Ark. Code Ann. §§ 16-93-206(a)(1) & (4), (e)(1) & (f) and 16-93-1302.

[6] Federal courts have repeatedly held that, because the Arkansas statutes create only a possibility of parole, a prisoner does not have a "liberty interest" in being granted parole sufficient to support a Fourteenth Amendment due process claim. *Pittman v. Gaines*, 905 F.2d 199, 201 (8th Cir. 1990); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984); *Hamilton v. Brownlee*, 237 F. App'x 114, 115 (8th Cir. 2007) (inmate had "no constitutionally protected liberty interest in the possibility" of parole even when board rescinded "an initially favorable parole decision"); *Robinson v. Kelley*, 2015 U.S. Dist. LEXIS 170099, 2015 WL 9311923, at *3-4 (E.D. Ark. Nov. 5, 2015) (no due process claim based on the denial of parole because Arkansas's parole laws do not give a prisoner a right to parole), recommendation adopted 2015 U.S. Dist. LEXIS 171333, 2015 WL 9305675 (E.D. Ark. Dec. 21, 2015); *Crossno v. Hobbs*, 2014 U.S. Dist. LEXIS 151401, 2014 WL 5419979, at *3-4 (E.D. Ark. Oct. 22, 2014) ("[N]either Arkansas law nor the Board's regulations give rise to a liberty interest in parole[.]"); *Sims v. Hobbs*, 2011 U.S. Dist. LEXIS 99561, 2011 WL 3889711, at *2 (E.D. Ark. Sept. 2, 2011) (regardless of statutory provisions using the word "shall," Arkansas's parole statutes "do not establish any right to release on parole or transfer which would invoke due process protection").

of supporting a federally-protected liberty interest under the Fourteenth Amendment. *Housley v. Erwin*, 325 F. App'x 474, 476 (8th Cir. 2009) (unpublished) (citing *Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990) (no protected liberty interest in particular prison classification status); *Sanders v. Norris*, 153 Fed. App'x 403, at 1 (8th Cir. 2005) (unpubl. per curiam) (prisoners do not have a constitutional right to a particular prison classification); *Smith v. McKinney*, 954 F.3d 1075, 1080 (8th Cir. 2020) (concluding that 30-day assignment to segregated confinement was not an "atypical and significant hardship"); *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate was not deprived of liberty interest during nine months in administrative segregation); *Poole v. Straughn*, No. 5:15-cv-259 JLH/BD, 2015 WL 8295612, at *3 (E.D. Ark. Oct. 28, 2015), report and recommendation adopted, 2015 WL 8346321 (E.D. Ark. Dec. 8, 2015) (no protected liberty interest infringed upon when inmate lost commissary, telephone, and visitation privileges for 60 days).

Accordingly, because Jones's habeas Petition fails to state a cognizable constitutional due process claim arising from the denial of his parole, this action should be dismissed, without prejudice.[7]

---

[7] In *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014), the Court held that, before dismissing a habeas petition raising a conditions of confinement claim, a district court should consider whether the prisoner has raised a "potentially viable" constitutional claim under § 1983.  Id. at 469-470.  In this case, however, Jones has *no federally-protected liberty interest* arising from any of the matters in which he alleges his due process rights were violated.  Thus, the Court need not consider recharacterizing his allegations as a "potentially viable" § 1983 claim.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED, *SUA SPONTE*, THAT:

1.      Jones's habeas Petition be DISMISSED, without prejudice.

2.      A Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-

(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

Dated this 30th day of December, 2020.


_____
UNITED STATES MAGISTRATE JUDGE